**C. H. HARANG, Jr., et al., Appellants,**

v.

**The STATE of Texas, ex rel. CITY OF WEST COLUMBIA, et al., Appellees.**

**No. 464.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 24, 1971.

A. R. Mason, Angleton, Wallace N. Shaw, Holder, Kenyon, Germany & Shaw, Freeport, for appellants.

**10**

Wiley Thomas, Frank W. Stevens, Angleton, Ogden Bass, Billy M. Bandy, Alvin, Hall W. Griggs, West Columbia, for appellees.

TUNKS, Chief Justice.

This is a quo warranto proceeding by which the State of Texas, on the relation of the City of West Columbia, and the City of Brazoria, challenges the validity of the incorporation of the village of Wild Peach in Brazoria County, Texas. The mayor of the village, the marshall, the secretary and the alderman were named as defendants. The substance of the allegations by the State was to the effect that those defendants were unlawfully asserting the right to exercise functions as officers of the village because there had been no lawful incorporation of such village.

There is a rural area in Brazoria County sometimes called the Wild Peach community. It lies generally between the City of West Columbia and the City of Brazoria and between State Highway 36 and the San Bernard River. A copy of a map of such area, which map was received in evidence, is attached to this opinion as an exhibit and will be referred to [see appendix].

In October and November of 1969, the Cities of West Columbia and Brazoria jointly purchased the tract of land consisting of about 100 acres in the Wild Peach area. Those 100 acres lie within the shaded area of the attached map and to the south of the road intersection marked "beg. point parcels one & five." (Throughout the trial the lawyers interrogated witnesses with reference to exhibits such as the attached map. In doing so they asked witnesses questions with reference to "this" area to which they pointed. Often the interrogation made mention of no reference point by which this Court can identify "this" area. Such interrogation makes it impossible to locate exactly the 100 acres bought by the two cities). The land so bought by the two cities was to be used as a land-fill garbage disposal area. At the time such land was bought it did not lie within the boundaries of any municipal corporation.

On November 17, 1969, 25 residents of the Wild Peach area filed a petition with the County Judge of Brazoria County asking that an election be called for incorporation of the village of Wild Peach. The map, a copy of which is the exhibit attached to this opinion, was filed with such petition as representing the area of the village sought to be incorporated. There was also a metes and bounds description given of that area. That area is the shaded area of the map attached hereto. The petition so filed was pursuant to the terms of Art. 1134. (Statutes referred to herein by Article number refer to Vernon's Annotated Texas Statutes). On November 21, 1969, the county judge signed an election order provided for by Art. 1136, directing that the incorporation election be held on December 6, 1969. Such election was held and the proposition for incorporation carried by vote of 73 for to 21 against. On December 8, 1969, the county judge signed an order declaring and certifying the results of the election as contemplated by Art. 1139. After such incorporation the village of Wild Peach passed an ordinance, the effect of which prohibited West Columbia and Brazoria from dumping garbage in their landfill area.

The bases of the State's attack upon the validity of the incorporation in question may be summarized as follows: first, the area proposed to be incorporated did not constitute nor include an existing village of more than 200 inhabitants. Second, if there were an existing village of over 200 inhabitants in the vicinity of the proposed

corporation, the area included within the proposed incorporation included only part of that village and arbitrarily excluded other parts. Third, the area proposed to be incorporated included territory not intended to be used for strictly town purposes. In response to special issues submitted, the jury failed to find for the State as to the first two of those attacks but did find favorably to the last one. Upon the basis of that finding the trial court rendered judgment that the attempted incorporation was "null and void and of no force and effect." The defendants have appealed, challenging the evidentiary support of the jury's finding that the area to be incorporated included territory not intended to be used for town purposes and also challenging the sufficiency of that finding as a basis for the trial court's judgment. The appellee contends not only that the evidence supports the jury's finding as to its third basis of attack and that such finding justified the trial court's judgment, but also that the evidence establishes its first and second bases of attack as a matter of law.

■ The procedures provided by Chapter 11, Title 28, of the Revised Civil Statutes of Texas of 1925 (Art. 1133 through 1153a) for incorporation of a town or village contemplate the existence of an actual town or village. By following those procedures no new town or village is created, but an existing town or village is given corporate status. Ewing v. State, 81 Tex. 172, 16 S.W. 872.

The unusual configuration of the area sought in this case to be incorporated as a village is, itself, enough to raise a question as to whether that area represents an existing village. The area lies adjacent to, but does not include, except for a few connecting strips, about 15 miles of county roads. It lies adjacent to about four miles of County Road 353. For about a mile and one-half of that extent the area is adjacent

to only one side of that road. There are about 100 habitations and 374 inhabitants in the entire area. There is one small filling station-grocery combination and one church. The only part of the area having any substantial bulk, as distinguished from strips lying alongside the road, is the comparative large shaded area in the northern portion of the attached map. That area has in it only seven homes.

■ The definitions of the words "town" and "village" as used in incorporation statutes, have long given the courts difficulty. Their general characteristics have been described. A town or a village is an assemblage of habitations. A town is larger than a village and smaller than a city. A village is larger than a hamlet. Both have, to some degree, an urban character as distinguished from a rural character. There should be some degree of unity and proximity between the habitations so assembled to constitute a town or village. To be entitled to incorporate, the area of the town or village should be susceptible of receiving some municipal services. State ex rel. Taylor v. Eidson, 76 Tex. 302, 13 S.W. 263. See Mandelker, Standards for Municipal Incorporations on the Urban Fringe, 36 Tex.L.Rev. 272.

■ A map larger and more detailed than the one attached to this opinion was received in evidence. It showed the general pattern of the residential development of an area of about 50 square miles, which area included the Wild Peach community. That pattern consisted of homes on tracts of from one to 25 acres. Those homes were situated upon the various county roads within the area. The population of the entire area shown upon such map was 1,500 to 2,000. The entire community could not have been incorporated because it did not meet the population density requirement of Art. 971. It was admittedly to meet the population-area requirements of the statutes that the incorporators, at

many points, limited the area to be included in the incorporation to strips alongside the county roads. In some instances there are comparatively compact clusters of ten to twenty houses in the area to be incorporated. Those clusters are widely separated from each other. In some instances there is as much as a mile of road from one house to the next. The evidence shows as a matter of law that the area sought to be incorporated did not constitute a town or village within the meanings of those words as defined in State ex rel. Taylor v. Eidson, supra. That area also did not include within its boundaries any such town or village with a population of over 200.

■ If the inhabitants of an existing town or village wish to give their community corporate status by the procedures provided for by Chapter 11 of Title 28, they ordinarily must include the entire town or village within the incorporated area. They may not exclude part of the town or village from the area to be incorporated unless reasonably justified in doing so by some physical or topographical feature. They may not validly incorporate a part of the town or village while arbitrarily excluding another part. State ex rel. Wilke v. Stein (Tex.Com.App., holdings approved), 26 S.W.2d 182, reh. overruled, 36 S.W.2d 698.

■ We are of the opinion that the entire area of the Wild Peach community did not constitute a town or village for the reasons noted above. If we assume that it did, however, it could not incorporate in its entire area because it did not meet the population density requirements of Art. 971. Upon such assumption the area sought here to be incorporated constituted only part of the town or village. There is nothing shown by the evidence to justify the exclusion of that part not included. In fact, the most densely populated area in the entire community was excluded. It is

that part of County Road 347 extending from the southern part of the area sought to be incorporated in an easterly direction to State Highway 36. That area so extended has in it almost as many homes as the entire area included in the boundaries of the proposed incorporation. Also the easterly end of County Road 353 only property lying south of the road is proposed to be included in the incorporation. The excluded area north of the road has just as many habitations and there appears to be no reasonable basis for excluding it. Thus, if it were held that the area proposed to be incorporated consisted of or included a town or village of over 200 population, we would still hold, on the authority of State v. Stein, supra, that the proposed incorporation was invalid because of the arbitrary exclusion of parts of said assumed town or village.

The jury in this case found that those who petitioned for the incorporation of the village of Wild Peach did not intend to use all of the territory included for strictly town purposes. Such finding was the basis for the trial court's judgment that the incorporation was invalid. The appellants here contend that there was no evidence or insufficient evidence to sustain such jury finding. The points of error based upon such contention are overruled.

■ The purpose of the language of 1134 limiting the area which may be included in a proposed incorporation of a village or town to that which is intended to be used for strictly town purpose is to prevent the town or village from embracing land for tax purposes only when there is no reasonable expectation that it will become a residential part of the town. State ex rel. Perrin v. Hoard, 94 Tex. 527, 62 S.W. 1054. We are of the opinion that such a limitation on area to be included also prohibits the inclusion of territory simply to make up the required population without any reasonable expectation of furnishing to

it any of the usual services afforded by a municipality. The only municipal functions shown by the record to have been performed by Wild Peach since its purported incorporation was the enactment of an ordinance regulating the disposal of garbage on the landfill site. That was a municipal function of advantage to those living near the landfill site, but not to those living in the remote ends of the strips adjacent to the road. It cannot be expected that the village of Wild Peach will maintain, patrol and regulate the traffic on streets within its boundaries because they excluded the 15 miles of county roads. An engineer experienced in the installation of public works testified that it would not be feasible to furnish such an oddly shaped and sparsely settled area with water and sewer facilities. Under the circumstances there was a question of fact as to whether some of the area was included without the intention to use it for strictly town purposes and the jury's finding on that issue is supported by the evidence. State ex rel. Perrin v. Hoard, supra; Gray County Production Co. v. Christian, Tex.Civ.App., 231 S.W.2d 901, no writ hist.; Ellis v. State, Tex.Civ.App., 383 S.W.2d 635, n.w.h.

■ Other of appellants' points of error are based upon the proposition that the county judge's determination that the town or village proposed to be incorporated included more than 200 inhabitants cannot be challenged in the absence of allegations of fraud. Those points are overruled. There is no question here that the area proposed to be incorporated included more than 200 inhabitants. The bases for challenge of the validity of the incorporation, as stated above, do not include such a contention. The function of the county judge did not include passing upon the questions involved in the State's bases of attack upon the incorporation here questioned. Those questions are properly determined in a quo warranto proceeding. Perkins v. Ingalsbe, 162 Tex. 456, 347 S.W.2d 926.

By other points of error the appellants contend that the maintenance of this quo warranto proceeding on relation of the two city relators was error and should have been dismissed because a city is not an "individual relator" within the meaning of Art. 6253. The information filed was signed by the Honorable Ogden Bass, Criminal District Attorney of Brazoria County, and by attorneys for the relators. Mr. Bass signed and presented the petition for leave to file the information and such leave was granted by the judge of the court in which it was filed. An assistant to Mr. Bass is shown to have appeared in the trial and to have approved the form of the judgment rendered. The appellees' brief is signed by Mr. Bass. Neither Mr. Bass nor his assistant interrogated witnesses in the trial court or made oral argument in this Court.

■ There was no error in permitting the filing of the information on relation of the cities. The cities are municipal corporate entities and, as such, are individuals within the meaning of Art. 6253. Furthermore, Art. 6253 permits the District Attorney, with leave of court, to file such information of his own accord if he wishes to do so. There are a number of cases reported where a quo warranto proceeding challenging the lawful existence of one city has been maintained on relation of another city. Also, permitting the attorneys for the relators, rather than the district attorney, to interrogate the witnesses in the trial court and to argue orally in this Court was not improper. State ex rel. American Manufacturing Co. v. City of Fort Worth, Tex.Civ.App., 314 S.W.2d 335.

The other points of error of appellants have been considered and are overruled.

The judgment of the trial court is affirmed.

APPENDIX

INCORPORATION MAP
SHOWING
AREAS TO BE INCLUDED
IN
WILD PEACH VILLAGE
PARTS OF S.F. AUSTIN SURVEY, ABST. 20
AND JAS. CUMMINGS SURVEY, ABST. 56
BRAZORIA COUNTY, TEXAS

SCALE 1"=1000     NOV 1969

PREPARED BY
BAKER, WACHTSTETTER & LAWSON
CONSULTING ENGINEERS
ANGLETON, TEXAS

JOB 1302