THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711



JOHN L. HILL.
ATTORNEY GENERAL

November 14, 1973

The Honorable M. D. Emerson
County Attorney
County Courthouse
Paris, Texas 75460

Opinion No. H- 153

Re: The legality of the incor-
poration of the proposed
town of Sun Valley

Dear Mr. Emerson:

Your request for our opinion states a number of facts concerning the proposed town of Sun Valley, asks us to assume these facts to be true, and then asks whether the proposed town would meet the requirements for incorporation as a town or village under Title 28, Chapter 11, Vernon's Texas Civil Statutes. (Articles 1133 to 1153a).

The facts you ask us to assume are:

"Sun Valley has a population of approximately 235 people. It is basically a mobile home park which was started in 1971 and by September of 1972 had substantially all of the space leased. Sun Valley has its own sewerage system which has been approved by all required State Agencies, and it is being operated by a licensed operator. Sun Valley has asphalt streets within the proposed corporate city limits and a permanent Cable Television System with an antenna approximately 120 feet tall and the cable is provided to each family within the proposed City of Sun Valley. The proposed Town of Sun Valley has more than 200 and less than 1,000 inhabitants as provided for under Article 1133, Vernon's Annotated Civil Statutes. The Town also has at least twenty residents thereof who are qualified voters under the General Election Laws of the State of Texas and who have resided within the proposed town for a period in excess of six months.

The proposed Town of Sun Valley consists of approximately 86 contiguous acres of which the mobile home park at this time only occupies approximately ten acres of the total tract. All of the mobile homes within the proposed Town of Sun Valley are individually owned. Electricity and running water is provided for all residents.

"School buses from two different schools run through Sun Valley to transport children to their respective schools."

Article 1133 of Vernon's Texas Civil Statutes states:

"When a town or village contains more than two hundred (200) and less than ten thousand (10,000) inhabitants, it may be incorporated as a town or village in the manner prescribed in Chapter 11, Title 28, of the Revised Civil Statutes of Texas, 1925, and all amendments thereto." (Articles 1133 to 1153a, V. T. C.S.)

Article 1134 of Vernon's Texas Civil Statutes provides in part:

"If the inhabitants of such town or village desire to be so incorporated, at least twenty residents thereof, who would be qualified voters under the provisions of this chapter, shall file an application for that purpose in the office of the county judge of the county in which the town or village is situated, stating the boundaries of the proposed town or village, the name by which it is to be known when incorporated, and accompany the same with a plat of the proposed town or village including therein no territory except that which is intended to be used for strictly town purposes. . . ."

Texas Courts have construed the term "inhabitants," in other statutes, to encompass those persons who have established more or less permanent

domiciles in a particular community. Struble v. Struble, 177 S. W. 2d 279 (Tex. Civ. App., Amarillo, 1943, no writ); Houston Printing Co. v. Tennant, 39 S. W. 2d 1089 (Tex. 1931). The "inhabitants" do not have to be qualified electors. Attorney General Opinion M-867 (1971).

In Capitol Aggregates, Inc. v. Walker, 448 S. W. 2d 830 (Tex. Civ. App., Austin, 1969, error ref'd. n. r. e.), it was held that a judgment debtor's mobile home was sufficiently affixed to land for the purpose of qualifying for a homestead exemption. It was found that the mobile home's gas, water and sewage facilities were connected to the gas, water and sewage systems located under the surface of the land. The structure was set on cement blocks. The court stated that the question of intention to make the article a permanent accession to the land must be ascertained from the facts and circumstances attendant upon placing the house there.

Here, the county judge, in determining if the population of the proposed Town is permanently residing there, must take into account all of the factors involved.

It has been held that the County Judge has discretionary power to determine whether or not the proposed town or village contains the sufficient number of "inhabitants." Reagan v. Beck, 474 S. W. 2d 935 (Tex. Civ. App., Tyler, 1971, error ref'd. n. r. e.). His ruling is final in the absence of fraud or abuse of discretion. Once the County Judge has ruled that there are over 200 "inhabitants," he has no discretion as to whether or not to call an election.

Article 1134 requires the applicants who sign the petition for incorporation to be qualified electors and to have residences within the area sought to be incorporated for at least 6 months. As to who are qualified electors, see Article 1137, V. T. C. S. ; Attorney General Opinion M-867 (1971).

According to Article 1134, a plat of the proposed town or village must be filed with the petition for incorporation, and it may include no territory except that intended for strictly town purposes. In Harang v. State, ex. rel., City of West Columbia, 466 S. W. 2d 8 (Tex. Civ. App.,

Houston, 14th Dist. , 1971, no writ), it was held that to be entitled to incorporate, the area of the town or village should be susceptible of receiving some municipal services.

As stated in Harang, supra, the purposes of the language of Article 1134 in limiting the area which may be included in a proposed incorporation of a village or town to that which is intended to be used for strictly town purposes are twofold. The first is to prevent the town or village from embracing land for tax purposes when there is no reasonable expectation that it will become a residential part of the town. Secondly, such a limit- ation also prohibits the inclusion  of territory simply to make up the required population without any reasonable expectation of furnishing to it any of the usual services afforded by a municipality. In Harang there were compact clusters of ten to twenty houses in the area to be incorpo- rated. Those clusters were widely separated from each other and there- fore did not meet the density requirements. The proposed Town of Sun Valley encompasses approximately 86 contiguous acres of which the mobile home park occupies approximately ten acres. Further, the prospective expansion of the town may be taken into account.

In assuming as true the facts set forth in your letter, we should not be understood as invading the province of the County Judge, who must pass upon these facts. That decision is for him to make, and his ruling is final on the subject, in the absence of a showing of an abuse of that discretion, or fraud.

### SUMMARY

In order to incorporate a new town, the County Judge must determine whether it has more than 200 "inhabitants". The decision is within the discretion of the County Judge, and his ruling is final in the absence of fraud or an abuse thereof.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee