**Jack W. ROGERS et al., Appellants,**

**v.**

**Vergil E. RAINES et al., Appellees.**

**No. 766.**

Court of Civil Appeals of Texas, Tyler.

July 11, 1974.

Rehearing Denied Aug. 1, 1974.

Melvin D. Whitaker, Dist. Atty., 173rd Judicial District For The State of Texas, A. D. Henderson, Palestine, for appellants.

John D. Dashiell, Buffalo, W. A. Keils, Jr., Teague, for appellees.

McKAY, Justice.

This is a quo warranto proceeding brought on behalf of the appellants, Jack W. Rogers, individually and as mayor of

the City of Palestine, James Pless and the City of Palestine and by the State of Texas acting by and through Alex Nemer, II, County Attorney in and for Anderson County, Texas, to have declared invalid the incorporation of an area designated as the town of Tucker. Upon trial of the cause before the court, a judgment was rendered in favor of the appellees, the town of Tucker, holding the town was validly incorporated.

We reverse the judgment of the trial court and render judgment in favor of the appellants.

The so-called town of Tucker is located southwest of the City of Palestine in a basically rural area of Anderson County. The limits of the purported town stretch from near the city limits of Palestine southwest along U. S. Highways 79 and 84 to, at or near where these highways cross the Trinity River, and also follows F. M. Road 645 north from its intersection with Highways 79 and 84, and State Highway 294 east from its intersection with 79 and 84. Since the configuration of the intended town is somewhat unusual, a reduction of a map received in evidence is shown as follows:

In July, 1972, residents of the communities of Tucker, Long Lake and Woodhouse filed a petition with the County Judge of Anderson County requesting an election be called for incorporation of the area set out in the petition as the town of Tucker. The procedural requirements for the incorporation of the said town of Tucker appear to have been in order; at least, we are presented with no point of error in that regard. The County Judge entered an order for an election and the election was held on the 26th of August, 1972, at which eighty-eight (88) votes were cast for incorporation and eleven (11) votes were cast against incorporation, resulting in an order dated September 19, 1972, by the County Judge of Anderson County, Texas, declaring the town of Tucker incorporated. On November 11, 1972, the named appellees in this cause were elected officials of the town of Tucker.

The trial court filed findings of fact and conclusions of law, some of which appellant attacks in his nine points of error. The first six points contend there is no evidence or insufficient evidence to support the trial court's findings of fact numbered 2, 3, and 4.[1] By points seven and eight appellants maintain that the trial court erred in its conclusions of law number one and number three,[2] and contend that the area involved is incapable of incorporation as a matter of law.

The crux of appellants' points 1 through 8 is that the so-called town of Tucker does not constitute a city or town within the meaning of Section 4, Article XI of the Constitution of the State of Texas, Vernon's Ann.St. The pertinent portion of the Texas Constitution provides: *"Cities and towns* having a population of five thousand or less may be chartered alone by general law * * *."* (Emphasis added.) The enabling legislation to permit such incorporation under the general law describes the area which may be incorporated in a slightly different manner; it is found in Art. 1133, Vernon's Texas Civil Statutes, and reads as follows:

"When a *town or village* contains more than two hundred (200) and less than ten thousand (10,000) inhabitants, it may be incorporated as a town or village in the manner prescribed in Chapter 11, Title 28, of the Revised Civil Statutes of Texas, 1925, and all amendments thereto." (Emphasis added.)

The appellants' position on this appeal is that the terms "town or village" used in the enabling act, Article 1133, can be no larger or broader in its meaning than the terms "cities and towns" contained in the above quoted provision of the Texas Constitution. We do not feel constrained to draw a distinction between the two phrases "cities and towns" and "town or village" because in our opinion the alleged town of Tucker does not meet the requisites of the seemingly less stringent enabling act requiring a "town or village" to exist as a condition of incorporation. It is settled law in this state that the procedures provided by Chapter 11, Title 28, of the Revised Civil Statutes of Texas of 1925 (Art. 1133 through 1153a) for incorporation of a town or village contemplate the existence of an actual town or village. Ewing v. State ex rel. Pollard, 81 Tex. 172, 16 S.W. 872 (1891); Harang v. State ex

---

1. "2. That the corporate limits of Tucker follow the general outline of the communities of Tucker, Long Lake and Woodhouse.
   "3. That the territory incorporated by the City of Tucker included the more populated area of the community, best suited for residential and town purposes that the sparsely populated area, such as that used for agriculture purposes, was purposely omitted from the confines of the City of Tucker.

"4. That the village of Tucker, prior to the date of incorporation was capable of being incorporated under the laws of the State of Texas."

2. "1. Plaintiff failed to prove that the town of Tucker did not substantially comply with the law in reference to incorporation.
   "3. The boundaries of the City of Tucker were not shaped so as to render the incorporation void as a matter of law."

rel. City of West Columbia, 466 S.W.2d 8 (Tex.Civ.App.–Houston, 14th, 1971, n. w. h.).

■ The enabling legislation provides no definitions for the words town or village; therefore, we must take the words in their ordinary signification. State ex rel. Taylor v. Edison, 76 Tex. 302, 13 S.W. 263 (1890).

We quote from Harang v. State ex rel. City of West Columbia, supra:

"A town or a village is an assemblage of habitations. A town is larger than a village and smaller than a city. A village is larger than a hamlet. Both have, to some degree, an urban character as distinguished from a rural character. There should be some degree of unity and proximity between the habitations so assembled to constitute a town or village. To be entitled to incorporate, the area of the town or village should be susceptible of receiving some municipal services."

"Village," the less restrictive of the two terms, has been defined in Antieau, Municipal Corporation Law, Vol. 1, sec. 1.04, as follows:

"The constitutional limitation of community is deemed at times to flow from the use of the word 'village' or 'city' or 'town' in state constitutions authorizing legislative incorporation. The word 'village,' says the Wisconsin Supreme Court 'means an assembly of houses less than a city, but nevertheless urban or semi-urban in its character, and having a density of population greater than can usually be found in rural districts . . . ' The same Court adds: ' . . . only territory urban in character, with such adjacent lands as are naturally connected with and are reasonably appurtenant and necessary for future growth in view of the surroundings and circumstances of the location and prospects of future prosperity, may be incorporated in the village . . . It must be a village in fact, with a reasonably compact center or nucleus of population, and not a mere agricultural community. . . . . ' "

In 87 C.J.S. Towns § 2, p. 7 is found this language:

"The word 'town' is derived from the Anglo-Saxon word 'tun,' meaning an inclosure, or collection of houses enclosed by a wall, and in its broad sense 'town' is used to designate an aggregation of houses so near one another that the inhabitants may fairly be said to dwell together. In this sense a town is distinguished from the country or from a rural population."

In the early case of State ex rel. Taylor v. Edison, supra, our Supreme Court said, 13 S.W. at p. 264:

"No definition of the word 'town' is given, and it follows that we must take the word on its ordinary signification,— a collection of inhabited houses. The term carries with it the idea of a considerable aggregation of people living in close proximity. A town population is distinguished from a rural population, which is understood to signify a people scattered over the country, and engaged in agricultural pursuits, or some similar avocations, requiring a considerable area of territory for its support. A section of country so inhabited cannot be called a town, nor treated as part of a town, without doing violence to the meaning ordinarily attached to that word."

The above *Edison* case statement was quoted with approval by the Supreme Court in Ralls v. Parrish, 105 Tex. 253, 147 S.W. 564 (1912). See also Villalobos v. Holguin, 146 Tex. 474, 208 S.W.2d 871 (1948); Guadalupe County v. Poth, 163 S. W. 1050 (Tex.Civ.App.–San Antonio, 1914, no writ); and 39 Tex.Jur.2d Municipal Corporations, sec. 2, p. 365.

■ The question here presented is, from the record presented on this appeal, does the purported town of Tucker constitute a "town or village"? The map re-

veals the corporate limits of the town of Tucker are so drawn as to follow most of the public highways in the southwestern quadrant of Anderson County, Texas. The rather unusual configuration extends along State Highway 79 for approximately 8 miles, Farm Road 645 for 2¼ miles, State Highway 294 for approximately 5 to 6 miles, and then along Farm Road 1990 for approximately 2½ miles. The exact total distance does not appear of record, but appellant asserts that it exceeds 20 miles. Within the corporate limits reside some 280 individuals in approximately 105 homes. Vergil Raines, mayor of Tucker, testified that some 10 businesses operate in the area.

Raines further testified that the town of Tucker does not own or operate the water system which supplies the inhabitants. There is no garbage service, no sewer system, no taxes are collected (nor are there any plans to do so), no city employees, no fire department, and no police department. There is an elected city marshall who receives no pay. Raines indicated the town of Tucker had within its limits two municipal streets, one of which was admitted to be a county road maintained by Anderson County. However, the county surveyor of Anderson County testified there were no established streets in the area.

When the three areas of Tucker, Long Lake and Woodhouse are combined in the manner attempted here to meet the populations requirements for incorporation, the requisites of a single town or village do not exist. There appears to be no unity or proximity between habitations; rather they are scattered over approximately 20 miles, and in one place there are two miles of road between homes. There does not exist a compact center or nucleus of population around which a town has developed. Finally, J. Wagner, the Director of Public Works for the City of Palestine, testified that the town of Tucker was not capable of providing any municipal services with the exception of garbage collection, which

service is not economically feasible at this time.

The purpose of the incorporation statutes is not to create towns and villages, but to allow those already in existence to incorporate.

The evidence shows as a matter of law that the area sought to be incorporated does not constitute a town or village.

Appellees urge by point nine that any defects which may have existed in the incorporation proceedings of the alleged town of Tucker were cured by the Validating Act passed in May, 1973 (House Bill No. 1231 passed by the 63rd Legislature being Article 974d–18, Vernon's Texas Civil Statutes), which provides, in part, as follows:

"Art. 974d–18. Validation of incorporation, boundary lines and governmental proceedings; cities and towns of 1,000 or less

Section 1. All cities and town in Texas of 1,000 inhabitants or less, heretofore incorporated, or attempted to be incorporated under the terms and provisions of the general laws of the State of Texas under the aldermanic form of government, and which are now functioning or attempting to function as incorporated cities or towns, are hereby in all respects validated as of the date of such incorporation, or attempted incorporation; and the incorporation of those cities and towns shall not be held invalid by reason of the fact that the election proceedings or other incorporation proceedings may not have been in accordance with law, or by reason of a failure to properly define the limits of the city or town.

\* \* \* \*

"Section 4. The provisions of this Act shall not apply to any city or town now involved in quo warranto questioning the legality of the incorporation or extension of boundaries or any of the

acts or proceedings hereby validated if such litigation is ultimately determined against the legality thereof."

 We are of the opinion that the Validating Act is not applicable to the instant case. Appellants' Original Petition was filed in November, 1972, prior to the effective date of the Validating Act. The petition was not strictly in the nature of quo warranto. It lacked the joinder of a representative of the State, that is, the Attorney General, District Attorney or County Attorney. Attached to the petition was an Action for Mandamus reciting that each of the above mentioned officials had been requested to join in the cause but had refused to do so. The relief prayed for requested a Writ of Mandamus be issued requiring the aforesaid officials of the State of Texas to join in a quo warranto proceeding. Without any action having been taken by the court, the County Attorney for Anderson County filed a Motion for Leave to Intervene on June 12, 1973. Appellants took a partial nonsuit by releasing the state officials joined as defendants, then filed the Information and Amended Petition in the nature of quo warranto on June 12, 1973, one month after the effective date of the Validating Act. The appellants did all that could be done to bring a quo warranto proceeding without the joinder of the State of Texas. Therefore, we feel the acts of appellants were sufficient to prevent application of the Validating Act until this litigation is ultimately determined.

 But if we be mistaken in that view, there is yet a more fundamental reason the Validating Act cannot cure all defects of the attempted incorporation. As recited in the Validating Act, it is applicable to "all cities and towns." The Validating Act affects only towns and cities proper, that come within its terms, and has no bearing on the issue as to what constitutes a city or town. Matthews v. State, 82 Tex. 577, 18 S.W. 711 (1891). We have determined the purported town of Tucker does not con-

stitute a town or village; therefore, it likewise does not constitute a city or town and the Validating Act can have no applicability.

Accordingly, the judgment of the trial court is reversed and judgment rendered for the appellants.