Robert A. NOEL et al., Appellants,

v.

The STATE of Texas ex rel. LUFKIN
INDUSTRIES, INC., Appellee.

No. 7873.

Court of Civil Appeals of Texas,
Beaumont.

Dec. 9, 1976.

Rehearing Denied Jan. 20, 1977.

W. D. Perkins, Lufkin, for appellants.

James R. Cornélius, Jr., Lufkin, for appellee.

KEITH, Justice.

The defendants below appeal from a judgment entered in a quo warranto proceeding which declared that the Town of Homer, in Angelina County, was not legally incorporated and that the individual defendants were not legal officers of said town.

This suit was brought by the State of Texas, acting through the District Attorney of Angelina County, on relation of Lufkin Industries, Inc. [hereinafter "Lufkin"], challenging the legality of the order incorporating said town. The several contentions advanced by Lufkin were submitted to the jury;[1] and, upon favorable answers thereto, the judgment declared that the town was not incorporated legally, dissolved the order of incorporation, and ousted the individual defendants, officers thereof.

■ We first dispose of defendants' challenge to the sufficiency of the evidence to support the answers to Special Issues Nos. 2, 3, and 4. Defendants urge that there was no evidence to support the findings that such areas had been arbitrarily excluded from the town's boundaries; or, alternatively, that there was insufficient evidence to support such findings. It would serve no useful purpose to give a lengthy account of the evidence offered upon these issues. It is sufficient to say that after a careful review of the evidence in accordance with the usual rule, e. g., under the standards set out in *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965), we find the evidence is both legally and factually sufficient to support such findings. Points four and five, raising such contentions, are overruled.

Defendants' primary challenge to the judgment, both in the brief and upon oral submission of the cause, is directed to claimed errors in the charge, and we now turn our attention to these complaints.

The Court submitted Special Issue No. 1 inquiring if Lufkin's property "did not constitute a part of the 'existing town' of Homer" upon the date of the incorporation, and the jury answered "It did not." The jury was instructed in connection with this issue:

"You are instructed that by the words 'existing town' as used in this charge is meant an assemblage of habitations having, to some degree, an urban character as distinguished from a rural character, and having, to some degree, unity and proximity between the habitations so assembled, and susceptible of receiving some municipal services."

■ From an examination of the authorities cited by the parties, it is readily apparent that the definition was extracted from the opinion in *Harang v. State ex rel. City of West Columbia*, 466 S.W.2d 8, 11–13 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ), wherein Chief Justice Tunks made an exhaustive survey of the leading authorities on the subject. *Harang* has been cited and followed in *Rogers v. Raines*, 512 S.W.2d 725, 729–730 (Tex.Civ.App.—Tyler 1974, writ ref'd n. r. e.), and *Royal Crest, Inc. v. City of San Antonio*, 520 S.W.2d 858, 864 (Tex.Civ.App.—San Antonio 1975, writ ref'd n. r. e.). Following these authorities, and the cases therein cited, we find no error in the instruction and the first point is overruled.

Defendants have several points complaining of the refusal to give particular definitions or instructions to the jury as to several issues which were submitted.[2]

1. The jury findings are summarized: No. 1—Lufkin's property included within the town "did not constitute a part of the 'existing town' of Homer" upon the date of the incorporation; Nos. 2, 3, and 4—Separately described areas adjacent to the town's boundaries were "arbitrarily excluded therefrom"; and No. 5—There was no reasonable expectation that the area of

Lufkin's property included within the town's boundaries "would be used for strictly town purposes."

2. *Point Two*: Failure to define the term "for strictly town purposes" as used in Special Issue No. 5; *Point Three*: Failure to instruct, in connection with Special Issue No. 5 that "the mere fact that Appellee (Lufkin Industries)

In the second point, defendants claim that the trial court erred in submitting Special Issue No. 5 (see fn. 1, supra) without including an instruction or definition of the words "for strictly town purposes." Defendants argue:

"An incorporating town must include only property that is to be used 'for strictly town purposes'. TEX.REV.CIV. STAT.ANN., ART. 1134 (1895). Whether property is intended to be used for strictly town purposes is a question of fact. *State, ex rel. Perrin v. Hoard*, 94 Tex. 527, 62 S.W. 1054 (1901)."

We accept the premises postulated but deny the conclusion sought to be drawn therefrom.

Although defendants objected to the charge for the failure to include appropriate definitions and instructions, defendants did not tender any substantially correct definition or instruction of such terms as required by *TEX.R.CIV.P. 279.*

Assuming, arguendo, that defendants were entitled to a definition of the term, an objection did not preserve the alleged error. Under the cited rule defendants were required to tender a correct definition or waive the complaint. See and compare *Great American Indemnity Co. v. Sams*, 142 Tex. 121, 176 S.W.2d 312, 314 (1943); *Texas Employers' Ins. Ass'n v. Mallard*, 143 Tex. 77, 182 S.W.2d 1000, 1002 (1944); *Bituminous Casualty Corp. v. Black & Decker Mfg. Co.*, 518 S.W.2d 868, 875 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.). Point two is overruled.

These authorities also control the disposition of points of error three and six. As apparent from the summary found in fn. 2, supra, while defendants complained of the failure to include an instruction in the charge, they did not tender correct instructions. Points three and six are overruled.

The judgment of the trial court is affirmed.

STEPHENSON, J., not participating

supplies its own water, sewage, fire and police services does not mean that the Appellee's land included in the Town of Homer would not be used for strictly town purposes"; *Point Six*:

Failure to include an instruction in connection with Special Issues Nos. 2, 3, and 4 that the area in the town could not exceed two square miles.