The **STATE** of Texas, on Relation of W. D. **NEEDHAM**, et al., Appellants,

v.

Mrs. Jess **WILBANKS** et al., Appellees.

No. 6029.

Court of Civil Appeals of Texas, Waco.

June 14, 1979.

Rehearing Denied July 12, 1979.

---

Felipe Reyna, Criminal Dist. Atty., Lyndon Olson, Wilson, Olson, Stem & Farr, Waco, for appellants.

J. Robert Sheehy, Sheehy, Lovelace & Mayfield, Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is a quo warranto action brought by the State of Texas thru the District Attorney of McLennan County on relation of W. D. Needham, et al, against Mrs. Jess Wilbanks, et al, seeking to declare the incorporation of the City of Hallsburg invalid. Mrs. Wilbanks is the Mayor of Hallsburg and the other defendants are City Councilmen. The State alleges the defendants are unlawfully holding office since the town of Hallsburg was never legally incorporated.

In November 1973, residents of the Hallsburg community filed with the County Judge of McLennan County a petition asking an election be called for the incorporation of the City of Hallsburg. The petition gave a metes and bounds description of the area sought to be incorporated and stated it contained more than 600 inhabitants. The County Judge ordered an election, in which 74 votes were cast for incorporation and 18 votes against incorporation. The County Judge entered an order declaring the incorporation of the City of Hallsburg on December 6, 1973, and on December 28, 1973 this case was filed seeking to set aside the incorporation.

Trial was to a jury, pertinent findings of which follow:

> "Special Issue 1) Do you find from a preponderance of the evidence, if any, that the area incorporated as the City of Hallsburg, Texas, was not an existing city or town immediately prior to incorporation thereof on December 6, 1973?

> Answer it was or it was not.

> ANSWER *It was.*

> "By the term city or town as used herein is meant a collection of inhabited houses. The term carries with it the idea of a considerable aggregation of people living in close proximity. A city or town population is distinguishable from a rural population, which is understood to signify people scattered over the country. A city or town should be susceptible of receiving some municipal services."

"Special Issue 2) Do you find from a preponderance of the evidence, if any, that the area incorporated as the City of Hallsburg included only a part of the city or town existing prior to incorporation, and excluded other parts?

Answer it did or it did not.

ANSWER *It did*."

Defendants moved for Judgment on the Verdict, and plaintiffs moved for Judgment Non Obstante Veredicto.

The trial court rendered judgment: 1) denying plaintiffs' motion for judgment non obstante veredicto; 2) decreeing the City of Hallsburg was properly incorporated; 3) decreeing defendants properly elected officials; and 4) denying all relief sought by plaintiffs.

Plaintiffs appeal on 5 points which we summarize as 3 contentions.

1) The trial court erred in overruling plaintiffs' motion for Judgment Non Obstante Veredicto, and rendering judgment declaring the incorporation of Hallsburg valid, because the undisputed evidence shows conclusively and as a matter of law that the area sought to be incorporated did not constitute a town or city at the time of its incorporation.

2) The trial court erred in rendering judgment declaring the incorporation of Hallsburg valid because there is insufficient evidence to support the verdict and judgment.

3) The trial court erred in rendering judgment declaring the incorporation of Hallsburg valid because only a part of the alleged City of Hallsburg was included in the incorporated area.

Contentions 1 and 2 assert the evidence shows as a matter of law the area sought to be incorporated did not constitute a town or city at the time of its incorporation; and/or there is insufficient evidence to support the verdict.

■ The purpose of the incorporation statutes is not to create a city or town, but to allow those already in existence to incorporate. *Harang v. State of Texas, ex rel. City of West Columbia*, Tex.Civ.App. (Hous-

ton 14) NWH, 466 S.W.2d 8; *Ewing v. State ex rel. Pollard*, 81 Tex. 172, 16 S.W. 872.

■ The City of Hallsburg is located east of Waco in a basically rural part of McLennan County. The area incorporated has an unusual configuration, lies adjacent to some 31 miles of State and County roadways; and consists of a strip alongside such roadways 200 feet in width in places, 300 feet in width, 400 feet in width, and 500 feet in width in other places.

There is evidence the town of Hallsburg started about 1901, and that it has continued to be a community to the present day; that the school and churches were the center of the community; that a new school was built in 1970; that it has an active PTA; that for several years the community has been growing both residentially and businesswise; that the corporate limits of Hallsburg generally encompass the area that is considered to be Hallsburg; that the residents receive water from rural water cooperatives; police protection from a resident Deputy Sheriff; have a volunteer fire department with equipment furnished by the City; receive electricity from the TP&L and Limestone Coop; have a contract garbage service; the incorporated area contains at least 78 residences and 3 business establishments; that the lines of the City were drawn to take in all residents of Hallsburg community and urban land, but to exclude agricultural land in the area. A witness for plaintiff agreed there was a Hallsburg community but that the argument was whether there was enough of a community to be incorporated. The County Judge's finding of more than 600 inhabitants is unassailed.

The evidence is ample to sustain the jury's finding to Issue 1, and it is not established as a matter of law that the area sought to be incorporated did not constitute a town or city.

■ Further the Legislature passed Article 974d–21 effective September 1, 1975, which provides:

"Section 1. The incorporation proceedings of all cities and towns incorporated or attempted to be incorporated under the general laws before the effective date of this Act, which have functioned or attempted to function as incorporated cities or towns since their incorporation or attempted incorporation, are validated in all respects as of the date of the incorporation or attempted incorporation. The incorporation proceedings may not be held invalid because they were not performed in accordance with law."

\* \* \* \* \* \* .

"Section 4. The provisions of this Act shall not apply to any city or town now involved in litigation questioning any of the acts or proceedings, *other than incorporation proceedings or boundary extensions, hereby validated if such litigation is ultimately determined against the legality thereof*;[1] nor shall this Act be construed as validating any proceeding which may have been nullified by a final judgment of a court of competent jurisdiction."

Hallsburg has functioned as a city since its incorporation in 1973; that while litigation was pending when the validation act was passed and became effective, no final judgment had been rendered invalidating the incorporation proceedings of Hallsburg.

Our Supreme Court in *Perkins v. State*, Tex., 367 S.W.2d 140 holds that the Legislature has all power not denied or prohibited to it by the Constitution, and that even though an act of incorporation is void from its inception, the Legislature may validate such act and make it live.

■ Contention 3 asserts the incorporation is rendered invalid because only a part of the alleged city was included in the incorporated area.

The evidence is that a small portion of the City of Hallsburg which included the school and a church was inadvertently excluded from the corporate limits. There is no evidence the exclusion was arbitrarily done, and absent evidence and finding to

such effect, such cannot render the incorporation invalid. *State ex rel. Wilke v. Stein*, Civ.App., 26 S.W.2d 182; 36 S.W.2d 698; *Harang v. State ex rel. City of West Columbia*, Tex.Civ.App. (Houston 14) NWH, 466 S.W.2d 8.

Moreover the asserted defect in incorporation was cured by the validation statute. *Perkins v. State*, supra.

All plaintiffs' points are overruled.

AFFIRMED.